1  BURKE, WILLIAMS & SORENSEN, LLP
   Richard J. Reynolds, Bar No. 89911
2  Rafael R. Garcia-Salgado, Bar No. 283230
   1851 East First Street, Suite 1550
3  Santa Ana, CA  92705-4067
   Telephone:     949.863.3363
4  Facsimile:     949.863.3350

5  Attorneys for Creditors
   TRINITY FINANCIAL SERVICES, LLC

6

7

8                 UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

10

11 In re                                    Case No.  1:17-bk-13413-VK

12 MARK EFREM ROSENBERG aka               Chapter Number:  13
   MARK E. ROSENBERG aka MARK
13 ROSENBERG fdba NEW RAVE               **SECURED CREDITOR TRINITY**
   BATHROOMS aka EPHRAIM                 **FINANCIAL SERVICES, LLC'S**
14 ROSENBERG fdba RR PACKAGING &        **AMENDED OBJECTION TO FIRST**
   ASSEMBLY,                             **AMENDED CHAPTER 13 PLAN AND**
15                                        **JOINDER TO CHAPTER 13 TRUSTEE'S**
                                          **OBJECTIONS TO FIRST AMENDED**
16            Debtor,                     **PLAN**

17                                        **Plan Confirmation Hearing:**

18                                        **Date:     09/18/18**
                                          **Time:     9:30 a.m.**
19                                        **Ctrm:     301**
                                          **         21041 Burbank Blvd**
20                                        **         Woodland Hills, CA 91367**

21

22

23        Secured Creditor TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby objects to

24 confirmation of the Debtor's proposed First Amended Chapter 13 Plan [Dkt. No. 62] (the "Plan")

25 in the above-referenced matter.  Trinity's previous objections were filed on February 27, 2018

26 [Dkt. No. 26] and April 24, 2018 [Dkt. No. 39].

27 ///

28 ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4829-2284-0176 v1
06836-0089                    - 1 -              1:17-BK-13413-VK
                                          OBJECTION TO FIRST AMENDED PLAN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### ARGUMENT

Trinity hereby JOINS in the objections stated by the Chapter 13 Trustee in her *Trustee's Objection to Confirmation of Plan; Declaration; Notice of Possible Dismissal or Conversion* filed July 9, 2018 [Docket No. 52] (the "Trustee's Objection").  Trinity also objects on its own grounds.

**A.    The Debtor Has Failed to Demonstrate That He Has Below-Median Income**

Trinity objects to the Plan because the Debtor has not demonstrated that he qualifies for a 36 month commitment period for his plan.  The Debtor's representations regarding his *current monthly income* are flawed and Debtor appears to be manipulating the information he discloses to reach the desired result.  Specifically, because this case was filed on December 29, 2017, the Debtor's current monthly income for purposes of determining a good faith plan's commitment period is to be determined by averaging the Debtor's gross income derived during the 6-month period preceding the bankruptcy filing.  11 U.S.C. §101(10A).  This means the Debtor's gross income, without regard to whether such income is taxable income, derived during the months of June through November 2017, is to be used for the calculation.  11 U.S.C. §1325(b)(4); *In re Wiegand*, 386 B.R. 238, 239 (9th Cir. BAP 2008).

In his Schedule I and Form 122C-1 [Dkt. No. 10], the Debtor discloses gross income from his co-owned business, Arcade & Party Rentals by GEMS, Inc. ("GEMS") of $6,000 per month.  The Debtor confirms this representation in his Declaration filed August 1, 2018 [Dkt. No. 64] at ¶12a.  However, in paragraphs 12a. and 12b. of his Declaration, Debtor admits that this is not all of his income as some income derived  throughout the year is distributed at the end of the year.  For example, two days after the filing of Debtor's bankruptcy the distribution for 2017 would have been made.  Also, some income derived during the year and under Debtor's control was left in GEMS.  The Debtor states as follows (emphasis original):

> 12a. I am paid fixed salary of $2,500.00 per month and a fixed draw of $3,500.00 per month. *At the end of the year,* we determine whether or not there is net income that is available to distribute to the owners, and if so, how much to distribute.
>
> *12b. Moreover, if we distribute all of the net income, we will not have any reserve cash with which to operate. We always have to allocate a portion*

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4829-2284-0176 v1
06836-0089

- 2 -

1:17-BK-13413-VK
OBJECTION TO FIRST AMENDED PLAN

*of GEMS' net income to reinvestment in GEMS for operational needs and unforseen emergencies.*

Consequently, the information provided by the Debtor in his publicly available schedules and declarations is not the complete story. The Chapter 13 Trustee has been able to obtain more of the Debtor's information but the Trustee has not been provided everything she has demanded. The Debtor's Reply to the Trustee's Objection [Dkt. No. 64] does not demonstrate that the Debtor has provided the Trustee with evidence of income for the six months prior to filing in order to satisfy the Means Test. *See* Trustee's Objection [Dkt. No. 52] at p. 3 under *best efforts* objection.

Moreover, the Debtor is not disclosing his true income as defined in 11 U.S.C. §101(10A) which states in pertinent part as follows:

(**10A**) The term "current monthly income"--

(**A**) means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on--

(**i**) the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii)....

The Court will note that 11 U.S.C. §101(10A)(A) defines current monthly income as the average monthly income the debtor receives ***derived*** during the 6-month period preceding the bankruptcy filing. Trinity submits that by including the phrase "derived during the 6-month period" preceding the bankruptcy, Congress meant to capture in the calculation all amounts earned by a debtor during that period and which the debtor receives. The timing of the actual receipt is not subject to the temporal qualification of being during the 6-month period preceding the bankruptcy filing, only that the income be *derived* during that period. This is the plain reading of the statute. Consequently, Trinity objects to the Debtor's Means Test calculation because it does not take into account any year-end distribution of income derived during the 6-month period preceding the bankruptcy filing, or of income derived during that 6-month period but left in GEMS by the Debtor in order to save it from inclusion in the calculation. The Debtor should be required to add 1/12 of any end of year distribution he received from GEMS for 2017 to the amount of his current monthly income, as well as, 1/12 of 35% of any 2017 income the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4829-2284-0176 v1
06836-0089

- 3 -

1:17-BK-13413-VK
OBJECTION TO FIRST AMENDED PLAN

1    Debtor and his brother left in GEMS and did not distribute.

2        Trinity believes that if a correct Means Test calculation is performed, then the Debtor's

3    commitment period will need to be 60 months and the Debtor will be required to file Official

4    Form 122C-2, *Chapter 13 Calculation of Your Disposable Income* in order to support the

5    amounts to be paid in a confirmable plan.  11 U.S.C. §1325(b)(4); *In re Kagenveama*, 541 F.3d

6    868 (9th Cir. 2008); *Hamilton v. Lanning,* 130 S.Ct. 2464 (2010).

7        In summary, without all the missing information cited above, the Debtor has not met his

8    burden for confirmation under 11 U.S.C. § 1325(a)(1), (3), and (6).

9    **B.      The Plan is Not Proposed in Good Faith Due to the Debtor's Educational
10             Expenses**

11       In his declaration in support of the Plan, the Debtor states that he pays "total tuition

12   expense [of] about $1,500 per month for my three older children," plus "$121.15 per week" for

13   his four-year old's religious school.  Declaration, ¶¶ 7, 10c.  This totals to about $1,984.60 per

14   month based on the Debtor's numbers—which is about 24.9% of the Debtor and his wife's

15   combined monthly income, based on the filed combined monthly income of $7,959.16 [Docket

16   No. 10].  This is in excess of permissible standards.  Section 1325(b)(2)(A)(ii) limits a debtor's

17   charitable contributions as a deduction from "disposable income" to no more than "15 percent of

18   gross income of the debtor," even if the debtor is a below-median earner.  *See In re Tranmer*, 355

19   B.R. 234, 252 (Bankr. D. Mont. 2006).  Fifteen percent would be only $1,266.25 a month in the

20   Debtor's case, based on the Debtor and his wife's gross income.[1]  The Debtor has gone far past

21   the statutory limit here, spending a quarter of *net* income.

22       The Debtor attempts to justify his need to spend a quarter of his income on his children's

23   religious schools by stating that "attending a religious day school is intended to teach Judaism, to

24   promote Jewish culture and values."  Declaration, ¶ 10e.  However, the case law is clear that "the

---

[1] The Debtor's private school expenses are not excused whether they are cast as educational or charitable.  Section 1325(b)(3) provides that "amounts reasonably necessary to be expended . . . shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)."  Section 707(b)(2)(A)(ii)(IV) sets a limit of "$1,500 per *year* per child" (emphasis added) for those "actual expenses . . . to attend a private or public elementary or secondary school if the debtor provides documentation of such expenses and a detailed explanation of why such expenses are reasonable and necessary."

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4829-2284-0176 v1          - 4 -                    1:17-BK-13413-VK
06836-0089                                               OBJECTION TO FIRST AMENDED PLAN

1  expense of debtors to pay parochial school tuition for their children is not a 'reasonably

2  necessary' expense, for purposes of determining whether a Chapter 13 plan offers to pay creditors

3  all of the debtors' disposable income." *In re Maura*, 491 B.R. 493, 515 (Bankr. E.D. Mich. 2013)

4  (collecting cases); *In re Webb*, 262 B.R. 685, 690 (Bankr. E.D. Tex. 2001); *Univest-Coppell*

5  *Village, Ltd. V. Nelson*, 204 B.R. 497 (E.D. Tex. 1996).  The Bankruptcy Appellate Panel of the

6  First Circuit has explained that "mere preference for private schooling is not sufficient," and that

7  "a compelling circumstance" such as "a learning disability and a social disorder" is required to

8  justify educational expenses for debtors' children in lieu of committing the funds to a plan as

9  disposable income.  *In re Watson*, 309 B.R. 652, 662 (B.A.P. 1st Cir. 2004), *aff'd*, 403 F.3d 1 (1st

10  Cir. 2005).  The BAP has also stated that "strongly held religious beliefs . . . while apparently

11  sincere, [are] not sufficient to render the expense of private school tuition reasonably necessary."

12  *Id.* at 661.

13       The Debtor has also attempted to justify the educational expenses on the basis that his

14  children's middle school "is set up and considered to be an IRS deductible charitable

15  contribution; that makes it a qualified charity for IRS purposes."  Declaration, ¶ 8.  This is also

16  insufficient under the case law to render an educational expense "reasonably necessary" so as to

17  justify the expense in lieu of repaying creditors.  The Bankruptcy Appellate Panel of the First

18  Circuit has explained that "while § 1325(b)(2)(A) protects the rights of debtors to continue

19  making religious and charitable contributions after they file for bankruptcy relief, such protection

20  does not extend to private religious school tuition payments."  *In re Watson*, 309 B.R. at 662.

21  Thus, "the [] monthly expense for the private schooling of the [Debtor's three] children is not a

22  "charitable contribution" and is therefore not protected as a *de facto* reasonably necessary

23  expense under § 1325(b)(2)(A)."  *Id.*  The First Circuit BAP then stated that the *Watson* lower

24  court was "correct in concluding that the 'charitable contribution' exception does not protect a

25  Chapter 13 debtor's right to use disposable income for payment of private religious school

26  tuition."  *Id.* at 663.  Thus, the BAP affirmed the bankruptcy court's denial of confirmation based

27  on the debtors' "fail[ure] to contribute all of their disposable income toward plan payments."  *Id.*

28       Here, the Debtor has not provided any compelling justification why he should be

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4829-2284-0176 v1
06836-0089

- 5 -

1:17-BK-13413-VK
OBJECTION TO FIRST AMENDED PLAN

1   permitted to spend 24.9% of his and his wife's net monthly income on his children's religious

2   schools.  His professed religious beliefs, while certainly sincere, are not a permissible basis for

3   reducing the Debtor's monthly plan payment at the cost of the Debtor's creditors.  As noted in

4   *Watson,* "to pay parochial school tuition under the terms of [Debtor's] proposed plan would have

5   amounted to 'requir[ing] general creditors to fund the private education of the Debtors' kids.'"

6   *Id.* at 662.  As counsel for the trustee stated at the most recent confirmation hearing, this is not

7   permissible.  The Court should deny confirmation of the Plan, as it was denied in *Watson,* for

8   failure to commit disposable income.

9           Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed.

10   Trinity reserves the right to argue the applicable legal issues at the September 18, 2018

11   confirmation hearing in this case.

12

13   Dated: August 31, 2018                          Respectfully submitted,

14                                                   BURKE, WILLIAMS & SORENSEN, LLP

15

16

17   By: _____

18           Richard J. Reynolds
             Rafael R. Garcia-Salgado
             Attorneys for Creditor

19           TRINITY FINANCIAL SERVICES, LLC

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4829-2284-0176 v1
06836-0089

- 6 -

1:17-BK-13413-VK
OBJECTION TO FIRST AMENDED PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1851 E. First Street, Suite 1550, Santa Ana, CA 92705**

A true and correct copy of the foregoing document entitled (*specify*):
**SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S AMENDED OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN AND JOINDER TO CHAPTER 13 TRUSTEE'S OBJECTIONS TO FIRST AMENDED PLAN**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **09/04/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Richard Mark Garber     rickgarber@sbcglobal.net, garberrr82127@notify.bestcase.com
- Rafael R Garcia-Salgado     rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- Christina J O     christinao@mclaw.org, CACD_ECF@mclaw.org
- Richard J Reynolds     rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- Elizabeth (SV) F Rojas (TR)     cacb_ecf_sv@ch13wla.com
- Gabor Szabo     smdulaw@sbcglobal.net
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **09/04/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:**
Mark Efrem Rosenberg
12731 Hatteras Street
Valley Village, CA 91607

**Judge:**
Honorable Victoria S. Kaufman
United States Bankruptcy Court
Central District of California
21041 Burbank Blvd., Suite 354
Woodland Hills, CA  91367

☐ Service information continued on attached page

///

///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4829-2284-0176 v1
06836-0089

- 7 -

1:17-BK-13413-VK
OBJECTION TO FIRST AMENDED PLAN

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/04/18 | Bernadette C. Antle | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4829-2284-0176 v1
06836-0089

- 8 -

1:17-BK-13413-VK
OBJECTION TO FIRST AMENDED PLAN