1 | BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
2 | Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street, Suite 1550
3 | Santa Ana, CA 92705-4067
Telephone:    949.863.3363
4 | Facsimile:    949.863.3350

5 | Attorneys for Creditors
TRINITY FINANCIAL SERVICES, LLC

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

10

11 | In re | Case No. 1:17-bk-13413-VK

12 | MARK EFREM ROSENBERG aka | Chapter Number: 13
MARK E. ROSENBERG aka MARK
13 | ROSENBERG fdba NEW RAVE | **MOTION FOR ORDER FOR**
BATHROOMS aka EPHRAIM | **EXAMINATION OF MARK EFREM**
14 | ROSENBERG fdba RR PACKAGING & | **ROSENBERG PURSUANT TO**
ASSEMBLY, | **BANKRUPTCY RULE 2004, AND FOR**
15 | | **INSPECTION OF DOCUMENTS;**
| **SUPPORTING DECLARATION AND**
16 | Debtor, | **LOCAL RULE 2004-1 CERTIFICATION**
| **OF RAFAEL GARCIA-SALGADO**
17

18 | | [NO HEARING REQUIRED]

19

20 | **TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY**

21 | **JUDGE, AND TO ALL INTERESTED PARTIES:**

22 |        TRINITY FINANCIAL INVESTMENTS, LLC ("Movant") hereby moves (the "Motion")

23 | the Court pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") for an Order

24 | directing the attendance of **MARK EFREM ROSENBERG** (the "Debtor") at an examination

25 | pursuant to Rule 2004(d), including the production of documents, and in support thereof hereby

26 | states as follows:

27 |        1.       The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334, 157(a)

28 | and F.R.B.P. Rule 2002. Movant alleges that this is a core proceeding pursuant to 28 U.S.C.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4843-1833-5354 v1
06836-0089

- 1 -

MOTION FOR ORDER FOR EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS

1  §§ 157(b)(2)(A), (B), (L), and (O).

2      2.    Movant is a creditor of the Debtor.  It is the current holder of the Second Deed of

3  Trust against the Debtor's residence.  Though the Court has issued a lien avoidance order in this

4  case, Movant is now the largest unsecured creditor in this bankruptcy.  Therefore, Movant is a

5  party in interest pursuant to F.R.B.P. Rule 2002(a).

6      3.    The Debtor is an individual and Movant is informed and believes that the Debtor's

7  residence address is 12731 Hatteras St., Valley Village, CA  91607.

8      4.    An examination of the Debtor is necessary to obtain information regarding,

9  without limitation, the following: (1) the Debtor's acts, conduct, and property for the three years

10  immediately preceding the commencement of this bankruptcy proceeding on June 12, 2018; (2)

11  the Debtor's income, liabilities and financial condition; and (3) the past and present conduct of

12  the Debtor's business and tax dealings

13      5.    To assist in the Bankruptcy Rule 2004 examination of the Debtor, it is necessary

14  for the Debtor to produce or otherwise make available, not less than three (3) business days prior

15  to their examination, relevant records and documents which are in their possession or under their

16  control, and which are described in Exhibit "A" attached hereto and incorporated herein by this

17  reference.

18  ## ARGUMENT

19      6.    "[O]ne of the fundamental concepts of bankruptcy law" is "the concept that full

20  and adequate disclosure is the 'price' the debtor in bankruptcy pays for the benefit of discharge."

21  *In re Hammond*, 140 B.R. 197, 202 (S.D. Ohio 1992).  To that end, "[t]he scope of inquiry under

22  Bankruptcy Rule 2004 is very broad.  Great latitude of inquiry is ordinarily permitted."  *In re*

23  *Roman Catholic Church of the Diocese of Gallup,* 513 B.R. 761, 764 (Bankr. D. N.M. 2014)

24  (quoting *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 378 (Bankr. N.D. Ill.

25  1996)).  Examination under Rule 2004 "is designed to be a quick 'fishing expedition' into general

26  matters and issues regarding the administration of the bankruptcy case."  *Id.* (quoting *In re*

27  *French*, 145 B.R. 991, 992 (Bankr. D. S.D. 1992)).  "[B]ecause Rule 2004 examinations are taken

28  pre-litigation they need not be tied to specific factual allegations, and are subject to fewer

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4843-1833-5354 v1
06836-0089

- 2 -

MOTION   FOR   ORDER   FOR   EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS

1    objections on grounds of relevance." *Id.* (citing *In re Symington*, 209 B.R. 678, 684 (Bankr. D.

2    Md. 1997)).  Further, Rule 2004 "extends to third parties who deal with the debtor."  *Olsen v.*

3    *Rupp (In re Olsen)*, No. UT-98-088, 1999 Bankr. LEXIS 791 (B.A.P. 10th Cir. 1999) (citing *In re*

4    *Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985)).

5         7.    A Rule 2004 examination of the Debtor is necessary to obtain adequate

6    information on the Debtor's business entity, in order to establish the Debtor's business income

7    and total personal and family income.

8         8.    Debtor Mark Efrem Rosenberg runs his own business.  In his Amended Schedule I

9    [Docket No. 81] and Form 122C-1 [Docket. No. 10], the Debtor discloses gross income from his

10   co-owned business, Arcade & Party Rentals by GEMS, Inc. ("GEMS") of $6,000 per month.  The

11   Debtor confirms this representation in his Declaration filed August 1, 2018 [Docket. No. 64] at

12   ¶12a.  However, in paragraphs 12a. and 12b. of his Declaration, Debtor admits that this is not all

13   of his income, as some income derived  throughout the year is distributed at the end of the year.

14   For example, two days after the filing of Debtor's bankruptcy, GEMS' income for a fiscal year

15   ending December 31, 2017 would have closed, and a determination of any distribution to its

16   owners would be subject to calculation.  The Debtor has asserted in briefing that requiring the

17   Debtor to wait for this calculation to determine his current monthly income is absurd.  In fact,

18   however, this is the *law*.  If GEMS uses a fiscal year different from the calendar year, the Debtor

19   has not disclosed what it is.  It must also be noted that some income derived during the year and

20   under Debtor's control was left in GEMS.  The Debtor states as follows (emphasis original):

21         12a. I am paid fixed salary of $2,500.00 per month and a
          fixed draw of $3,500.00 per month. ***At the end of the year,*** we
22        determine whether or not there is net income that is available to
          distribute to the owners, and if so, how much to distribute.
23

24        ***12b. Moreover, if we distribute all of the net income, we***
          ***will not have any reserve cash with which to operate. We always***
25        ***have to allocate a portion of GEMS' net income to reinvestment***
          ***in GEMS for operational needs and unforseen emergencies.***

26   Consequently, the information provided by the Debtor in his publicly available schedules and

27   declarations remains incomplete.

28        9.    The Debtor is simply not disclosing his true income as defined in 11 U.S.C.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4843-1833-5354 v1
06836-0089

- 3 -

MOTION    FOR    ORDER    FOR    EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS

§101(10A), which states in pertinent part as follows:

> **(10A)** The term "current monthly income"--
>
> **(A)** means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on--
>
> **(i)** the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii)….

10.    The Court will note that 11 U.S.C. §101(10A)(A) defines current monthly income as the average monthly income the debtor receives ***derived*** during the 6-month period preceding the bankruptcy filing.  Trinity submits that by including the phrase "derived during the 6-month period" preceding the bankruptcy, Congress meant to capture in the calculation all amounts earned by a debtor during that period and which the debtor receives.  The timing of the actual receipt is not subject to the temporal qualification of being during the 6-month period preceding the bankruptcy filing, only that the income be *derived* during that period.  This is the plain reading of the statute.  Consequently, Trinity objects to the Debtor's Means Test calculation because it does not take into account any year-end distribution of income derived during the 6-month period preceding the bankruptcy filing, or of income derived during that 6-month period but left in GEMS by the Debtor in order to save it from inclusion in the calculation.

11.    Trinity's position regarding the proper calculation of Current Monthly Income ("CMI") under 11 U.S.C. §101(10A)(A) has also been the position of several courts that have looked at the issue.  For example, in *In re Bernard*, 397 B.R. 605, 607 (Bkrtcy. W.D.Mich. 2008), the bankruptcy court concluded (emphasis original):

> As the UST correctly notes, CMI is not restricted to income a debtor derives *and* receives during the six months prepetition; the income has to have been "derived" during the six month period but the timing of its actual receipt is irrelevant. Giving "derived" its ordinary meaning, namely "formed or developed out of something else," WEBSTER'S THIRD INTERNATIONAL DICTIONARY, the Court concludes that CMI includes income that resulted from employment during the relevant six month period even though the Debtor received the actual paycheck for that work after the end of the six month period. Income derived from employment prior to the beginning of the six month period but actually received during the six month period should not be included.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4843-1833-5354 v1
06836-0089

- 4 -

MOTION   FOR   ORDER   FOR   EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS

12.     A further example is found in *In re Robrock*, 430 B.R. 197, 204 (Bkrtcy. D.Minn. 2010), where the bankruptcy court analyzed the language of 11 U.S.C. §101(10A)(A) and reached the same conclusion as follows:

> The statutory definition does require receipt by the debtor for inclusion of particular income in the calculus; but, the fact of receipt is only the threshold. Under the statutory language, includable income is fixed by a modifying participle—the amount of income "*derived*" *during* the six months is the input for the averaging process, regardless of the date of receipt. The statutory concept is logically understood as "income that *resulted from* employment *during* the relevant six month period even though the Debtor received the actual paycheck for that work after the end of the six month period." In re Bernard, 397 B.R. 605, 607 (Bankr.D.Mass.2008) (emphasis added).

13.     This Motion contains four limited document requests, is narrowly tailored to the past few years, and falls squarely within the Debtor's duty to his creditors and the Court to disclose his financial affairs, including, but not limited to, the Debtor's business income and tax issues.

14.     **Local Rule 2004-1 Certification.**  In an effort to avoid filing this Motion, undersigned counsel contacted Debtor's counsel informally to request just some of the information requested in this Motion—namely, the tax returns for GEMS—but Debtor's counsel did not provide the documents.  To date, Debtor's counsel has not agreed to an examination date.

15.     Movant properly requests a Rule 2004 examination at the office of counsel for Movant in Orange County, CA.  Rule 2004(d), titled "Time and Place of Examination of Debtor," allows examination "within or without the district wherein the case is pending."  A Rule 2004 exam may be "at any time or place."  *In re Little's Motor Co., Inc.,* 53 B.R. 635, 638 (Bankr. N.D. Ala. 1985) (requiring a debtor's principal to travel "in excess of 600 miles" for a Rule 2004 exam).  Rule 2004(e) clarifies that the Debtor may be examined at the location indicated in this Motion, with his only compensation to be mileage costs, "reduced by 200 miles" in accordance with the Rule.  *Id.* at 640.  "Clearly, when one enters the Bankruptcy Court seeking relief from debts, he has subjected himself to be examined by creditors . . . Bankruptcy Rule 2004(e) provides that a debtor only recover mileage . . . ."  *In re Moghrabi*, 197 B.R. 278, 259 (Bankr. N.D. Ohio 1996) (requiring debtor to be examined "at a time and place specified by Plaintiff's

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-1833-5354 v1
06836-0089

- 5 -

MOTION FOR ORDER FOR EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS

1    counsel.").

2        WHEREFORE, Movant respectfully requests an Order as follows:

3        1.    That the Debtor appear for an examination pursuant to Bankruptcy Rule 2004, to

4    commence **December 6, 2018, at 9:00 a.m.**, and to continue as necessary until completed, at the

5    offices of Burke, Williams, & Sorensen, LLP, 1851 East First Street, Suite 1550, Santa Ana, CA

6    92705-4067.

7        2.    That the Debtor is ordered to produce or otherwise make available, not less than

8    one (1) business day prior to his examination, relevant records and documents which are in his

9    possession or under his control, and which are described in Exhibit "A" attached hereto and

10    incorporated herein by this reference.

11

12    Dated: November 7, 2018                    BURKE, WILLIAMS & SORENSEN, LLP

13

14

15    By: _____
16        Richard J. Reynolds
        Rafael R. Garcia-Salgado
17        Attorneys for Creditor
        TRINITY CAPITAL INVESTMENTS,
        LLC

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-1833-5354 v1
06836-0089

- 6 -

MOTION FOR ORDER FOR EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS

1    <u>DECLARATION OF RAFAEL R. GARCIA-SALGADO</u>

2    I, Rafael R. Garcia-Salgado, hereby declare as follows:

3    1.    I am a resident of Orange County, California, and am over eighteen years of age.  I

4    am an attorney licensed to practice under the laws of the State of California, and am admitted to

5    practice before the federal courts of the Southern, Central, Eastern, and Northern Districts of

6    California, as well as all of California's bankruptcy courts.  I am an associate with the law firm of

7    Burke, Williams & Sorensen, LLP, attorneys for TRINITY FINANCIAL SERVICES, LLC

8    ("Movant").  I have personal knowledge of the facts stated in this Declaration, except as to those

9    matters stated on information and belief, and as to those matters I believe them to be true.  If

10    called upon to testify as to the contents of this Declaration, I could and would competently testify

11    thereto.

12    2.    Movant is a creditor of the Debtor.

13    3.    The Debtor is an individual and Movant is informed and believes that the Debtor's

14    residence address is 12731 Hatteras St., Valley Village, CA  91607.

15    4.    An examination of the Debtor is necessary to obtain information regarding the

16    Debtor's income and expenses.

17    5.    **Local Rule 2004-1 Certification.**  On November 6, 2018, I emailed counsel for

18    the Debtor Richard Mark Garber, requesting just some of the documents that are the subject of

19    this Motion.  Counsel did not reply to my correspondence.  Counsel thus did not provide the

20    requested documents and has not provided proposed dates for the Rule 2004 examination.

21    6.    To assist in the Bankruptcy Rule 2004 examination of the Debtor, it is necessary

22    for the Debtor to produce or otherwise make available, not less than one (1) business day prior to

23    his examination, the relevant records and documents which are in his possession or under his

24    control, and which are described in Exhibit "A" attached hereto and incorporated herein by this

25    reference.

26    7.    The examination of the Debtor under the procedure set out in Bankruptcy Rules

27    7030 or 9014 is not possible as there is no pending adversary proceeding or contested matter

28    between the Debtor and Movant.  The location of the examination, i.e., the Orange County office

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4843-1833-5354 v1
06836-0089

- 7 -

MOTION FOR ORDER FOR EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS

1  of Burke, Williams & Sorensen, LLP, is within 100 miles of the Debtor's residence.

2          I declare under penalty of perjury under the laws of the United States that the statements

3  made in the foregoing declaration are true and correct, except those matters stated on information

4  and belief, and as to those matters, I believe them to be true.

5          Executed this 7th day of November 2018, at Santa Ana, California.

6

7          _____

8          RAFAEL R. GARCIA-SALGADO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-1833-5354 v1
06836-0089

- 8 -

MOTION FOR ORDER FOR EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS

**EXHIBIT "A"**

DEFINITIONS

1.      YOU and/or YOU OR ANYONE ACTING ON YOUR BEHALF, refers to and includes MARK EFREM ROSENBERG, and YOUR agents, employees, insurance companies, agents, adjusters, and employees, attorneys, accountants, investigators, employees, and agents and anyone else acting on YOUR behalf.

2.      PERSON and/or PERSONS refers to and include a natural person, firm, association, organization, joint venture, sole proprietorship, partnership, business, trust, corporation, public entity, or any other artificial business or entity.

3.      As used herein, the singular shall be interchangeable with the plural; the masculine, feminine, and neuter shall all be interchangeable, and the conjunctions "and" and "or" shall be both conjunctive and disjunctive.

4.      DOCUMENT is used herein in its broadest sense and refers to and includes the original and all copies of any kind of all handwritings, typewritings, printings, photostats, writings, photographs, tapes, films, negatives, pictures, videos, recordings, letters, telegrams, diagrams, drawings, surveys, maps, contracts, checks, drafts, invoices, bills receipts, charts, tabulations, audits, computer records (including computer printouts, the contents of computer memory, computer programs, and any instructions or interpretive materials associated with them), plans, memos, notes, notes or any records of all communications (including meetings, telephone and any other conversations), logs, calendar and diary entries reports, interoffice communications, tax returns, journals, documents, medical and other records, and every other means of recording upon any tangible thing, and any form of communication or representation, including letters, words, pictures, sounds and symbols, electronic storage, memorialization, or transmissions, and/or combinations of them.  Also included are all copies of any writings which are not completely identical duplicates of the originals (e.g., because handwritten or other notes appear thereon or are attached thereto).  (Included are all items described in California Evidence Code Section 250).

5.      COMMUNICATION refers to and includes all forms of written, electronic, verbal

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4843-1833-5354 v1
06836-0089                           - 9 -                    MOTION   FOR   ORDER   FOR   EXAMINATION
                                                             PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
                                                             INSPECTION OF DOCUMENTS

1    and oral communications, including spoken words, gestures, and sign language.

2    <u>GENERAL INSTRUCTIONS</u>

3    1.      YOU are required to produce all DOCUMENTS designated below which are in

4    YOUR possession, custody, or control, or in the possession, custody or control of YOUR agents,

5    attorneys, employees or representatives.

6    2.      YOU are required to produce the original and all non-identical copies of each

7    DOCUMENT requested.  If YOU are not able to produce the original of any DOCUMENT, then

8    you must produce the best available copy and all non-identical copies.

9    3.      If YOU claim any privilege, based upon a statute or otherwise, as a ground for not

10    producing a DOCUMENT or any portion thereof, you must provide a log identifying each

11    DOCUMENT for which YOU claim such a privilege in sufficient detail to identify the particular

12    DOCUMENT without revealing the information which is claimed to be privileged, the following:

13          a.      identify the privilege;

14          b.      the general subject matter of the DOCUMENT;

15          c.      the identity of the author, the originator, addressee and all recipients of the

16    DOCUMENTS;

17          d.      the date of the DOCUMENT;

18          e.      the title, if any, of the DOCUMENTS; and

19          f.      each and every fact upon which YOU rely in asserting the privilege.

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4843-1833-5354 v1
06836-0089

- 10 -

MOTION FOR ORDER FOR EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS

1

## DOCUMENTS TO BE PRODUCED AND TOPICS FOR EXAMINATION

2

3      DOCUMENT REQUEST NO. 1:

4            YOUR State and Federal Income Tax Returns for 2015, 2016, and 2017, as well as any

5      State and Federal Income Tax Returns and quarterly tax statements for YOU and/or any of

6      YOUR past or present dba businesses.

7

8      DOCUMENT REQUEST NO. 2:

9            The State and Federal Income Tax Returns for Arcade & Party Rentals by GEMS, Inc.

10     ("GEMS") for 2015, 2016, and 2017, as well as any other associated tax forms and filings.

11

12     DOCUMENT REQUEST NO. 3:

13           All DOCUMENTS constituting or evidencing YOUR three most recent paystubs from

14     YOUR employment or self-employment.

15

16     DOCUMENT REQUEST NO. 4:

17           YOUR three most recent bank statements, whether business, personal, joint, and/or

18     individual.

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-1833-5354 v1
06836-0089

- 11 -

MOTION    FOR    ORDER    FOR    EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS

# OTHER TOPICS FOR EXAMINATION

## TOPIC FOR EXAMINATION NO. 1

YOUR acts, conduct, and/or property.

## TOPIC FOR EXAMINATION NO. 2

YOUR liabilities and financial condition.

## TOPIC FOR EXAMINATION NO. 3

Any matter which may affect the administration of YOUR bankruptcy estate.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-1833-5354 v1
06836-0089

- 12 -

MOTION FOR ORDER FOR EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **1851 E. First Street, Suite 1550, Santa Ana, CA 92705**

A true and correct copy of the foregoing document entitled (*specify*):
**MOTION FOR ORDER FOR EXAMINATION OF ROSE M MAGANA PURSUANT TO BANKRUPTCY RULE 2004, AND FOR INSPECTION OF DOCUMENTS; SUPPORTING DECLARATION AND LOCAL RULE 2004-1 CERTIFICATION OF RAFAEL GARCIA-SALGADO**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/7/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Richard Mark Garber    rickgarber@sbcglobal.net, garberrr82127@notify.bestcase.com
- Rafael R Garcia-Salgado    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- Christina J O    christinao@mclaw.org, CACD_ECF@mclaw.org
- Richard J Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
- Gabor Szabo    smdulaw@sbcglobal.net
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **11/7/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:**
Mark Efrem Rosenberg
12731 Hatteras Street
Valley Village, CA 91607

**Judge:**
Honorable Victoria S. Kaufman
United States Bankruptcy Court
Central District of California
21041 Burbank Blvd., Suite 354
Woodland Hills, CA 91367

☐ Service information continued on attached page

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-1833-5354 v1
06836-0089

- 13 -

MOTION FOR ORDER FOR EXAMINATION PURSUANT TO BANKRUPTCY RULE 2004 AND FOR INSPECTION OF DOCUMENTS

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Nov 7, 2018 | Bernadette C. Antle | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4843-1833-5354 v1
06836-0089

- 14 -

MOTION FOR ORDER FOR EXAMINATION
PURSUANT TO BANKRUPTCY RULE 2004 AND FOR
INSPECTION OF DOCUMENTS