BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street, Suite 1550
Santa Ana, CA  92705-4067
Telephone:    949.863.3363
Facsimile:     949.863.3350

Attorneys for Creditors
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MARK EFREM ROSENBERG aka MARK E. ROSENBERG aka MARK ROSENBERG fdba NEW RAVE BATHROOMS aka EPHRAIM ROSENBERG fdba RR PACKAGING & ASSEMBLY,<br><br>Debtor, | Case No.  1:17-bk-13413-VK<br><br>Chapter Number:  13<br><br>**SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S RESPONSE IN SUPPORT OF OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN**<br><br>**Date:     12/11/18**<br>**Time:    9:30 a.m.**<br>**Ctrm:    301**<br>**21041 Burbank Blvd**<br>**Woodland Hills, CA 91367** |

Secured Creditor TRINITY FINANCIAL SERVICES, LLC ("**Trinity**") hereby responds (the "Response") to the Debtor's Reply Of Mark Efrem Rosenberg To The Declaration Of Rafael R. Garcia-Salgado Regarding Debtor's Income And How It Affects Debtor's Applicable Commitment Period; Declaration Of Richard Mark Garber; Declaration Of Mark Efrem Rosenberg ("Debtor's Reply") [Docket No. 93] as set forth in this Response in support of its Objection to Confirmation of the Debtor's proposed Second Amended Chapter 13 Plan [Docket No(s). 84 and 85] (the "Objection") in this bankruptcy proceeding.  The Debtor's Reply contests the conclusions stated in the Declaration of Rafael R. Garcia-Salgado In Support Of Secured Creditor Trinity Financial Services, LLC's Objection To Second Amended Chapter 13 Plan

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-8278-0033 v1
06836-0089

- 1 -

RESPONSE IN SUPPORT OF OBJECTION
TO SECOND AMENDED PLAN

("Garcia Decl.") [Docket No. 92] regarding the proper calculation of the Debtor's Current Monthly Income ("CMI") and how that impacts whether or not the Debtor's Plan may be confirmed. This Response is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing. In support of this Response, Trojan respectfully states as follows:

**I.    INTRODUCTION**

Debtor Mark Efrem Rosenberg filed his Second Amended Chapter 13 Plan on October 25, 2018 [Docket. No. 82] (the "Plan"). Trinity filed its Objection to Confirmation of the Plan on October 30, 2018 [Docket No(s). 84 and 85] (the "Trinity's Objection"). The Debtor filed a Combined Reply to Trinity's Objection and the Chapter 13 Trustee's Objection on November 2, 2018 [Docket No. 86]. On November 6, 2018, this Court held a hearing on confirmation of the Plan and continued the hearing to December 11, 2018, at 9:30 a.m. [Docket No. 89].

Following the November 6, 2018 hearing, Trinity filed a Motion for 2004 Examination of the Debtor regarding his income for 2017. The Debtor opposed the Motion and Trinity ultimately dismissed its motion because Debtor's counsel provided Trinity's counsel with a copy of the Debtor's 2017 tax returns [Docket Nos. 87, 88, 90, and 91]. Garcia Decl., ¶ 4.

On November 21, 2018, Trinity filed the Garcia Decl. which analyzed the Debtor's 2017 tax return and concluded that, as was suspected in Trinity's Objection, the Debtor understated his CMI with the consequent result that the Plan's commitment period must be 60 months and not 36 as currently proposed.

On November 28, 2018, the Debtor filed the Debtor's Reply to the Garcia Decl. [Docket No. 93]. The Debtor's Reply contests the conclusions in the Garcia Decl. by ignoring the arguments in Trinity's Objection which form the context for the facts set forth in the Garcia Decl.

**II.    ARGUMENT**

1.    As outlined in Trinity's Objection, the Plan is unconfirmable because the Debtor has not demonstrated that he qualifies for a 36 month commitment period for his plan.

2.    Trinity's Objection asserts that the Debtor has not accurately reported his current monthly income ("CMI"), and that if correct CMI and Means Test calculations are performed,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-8278-0033 v1
06836-0089

- 2 -

RESPONSE IN SUPPORT OF OBJECTION
TO SECOND AMENDED PLAN

1  then the Debtor's commitment period will need to be 60 months and the Debtor will be required
2  to file Official Form 122C-2, *Chapter 13 Calculation of Your Disposable Income* in order to
3  support the amounts to be paid in a confirmable plan.

4      3.    The Court previously continued the November 6, 2018 hearing to December 11,
5  2018 to allow the Court time to evaluate thoroughly the issues raised in Trinity's Objection
6  [Docket No(s). 84 and 85] and the Debtor's Reply to Trinity's Objection [Docket No. 86].

7      4.    As indicated in the Garcia Decl. filed on November 21, 2018 [Docket No. 92], on
8  November 9, 2018, Debtor's counsel provided him with a copy of the Debtor's 2017 tax returns,
9  which were prepared in April 2018. Garcia Decl., ¶ 4. Based on a review of those returns, the
10 following income items were reported for the entire 12 months of 2017 (*See* Exhibit A to the
11 Declaration):

12     $46,918    Debtor's Income as partial owner of Arcade & Party Rentals by GEMS, Inc.
13                     ("GEMS")
14     $34,620    Debtor's salary from GEMS
15     $29,300    Debtor's Spouse's income

16     5.    Additionally, Debtor has testified as follows regarding his income in 2017: "I am
17 paid fixed salary of $2,500.00 per month and a fixed draw of $3,500.00 per month. ***At the end of***
18 ***the year,*** we determine whether or not there is net income that is available to distribute to the
19 owners, and if so, how much to distribute."

20     6.    Based on the income reported in the tax returns, however, the Debtor's monthly
21 income during 2017 was $6,794.83 ($81,538/12). Debtor's Spouse's reported Schedule I income
22 matches the tax returns. Therefore, the total average monthly income that the Debtor should have
23 reported on line 11 of his Official Form 122C-1 (Chapter 13 Statement of Your Current Monthly
24 Income and Calculation of Commitment Period [Docket No. 10, filed 1/11/18, pp. 41-43] is
25 $9,236.49. This amount of current monthly income results in a total for the year of $110,837.88,
26 which exceeds the median family income of $106,244.00 for California and the size of the
27 Debtor's household. The Debtor therefore earns above-median income. Consequently, the
28 Debtor should have checked box 17b. on his Official Form 122C-1, and the Court should order

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-8278-0033 v1
06836-0089

- 3 -

RESPONSE IN SUPPORT OF OBJECTION
TO SECOND AMENDED PLAN

the Debtor to file Official Form 122C-2, *Chapter 13 Calculation of Your Disposable Income* in order to support the amounts to be paid in a confirmable plan.

7.   As previously set forth in Trinity's Objection, the Debtor's representations regarding his *current monthly income* are flawed and Debtor appears to be manipulating the information he discloses to reach the desired result. Specifically, because this case was filed on December 29, 2017, the Debtor's current monthly income for purposes of determining a good faith plan's commitment period is to be determined by averaging the Debtor's gross income derived during the 6-month period preceding the bankruptcy filing. 11 U.S.C. §101(10A). This means the Debtor's gross income, *without regard to whether such income is taxable income*, <u>derived</u> during the months of June through November 2017, is to be used for the calculation. 11 U.S.C. §1325(b)(4); *In re Wiegand*, 386 B.R. 238, 239 (9th Cir. BAP 2008). However, in the Debtor's Reply to the Garcia Decl. the Debtor attempts to argue that using Debtor's gross annual income for the purposes of calculating the applicable commitment period is incorrect. Debtor further endeavors to argue that the Debtor's annual income is not relevant in calculating the applicable commitment period and cites 11 U.S.C §101(10A)(A)(i). This argument is incorrect.

In his Amended Schedule I [Docket No. 81] and Form 122C-1 [Docket. No. 10], the Debtor discloses gross income from his co-owned business, Arcade & Party Rentals by GEMS, Inc. ("GEMS") of $6,000 per month. The Debtor confirms this representation in his Declaration filed August 1, 2018 [Docket. No. 64] at ¶12a. However, in paragraphs 12a and 12b of his Declaration, Debtor admits that this is not all of his income as some income derived throughout the year is distributed at the end of the year. For example, two days after the filing of Debtor's bankruptcy, GEMS' income for a fiscal year ending December 31, 2017 would have closed, and a determination of any distribution to its owners would be subject to calculation. In his Combined Reply to Plan Confirmation Objections filed September 13, 2018 [Docket No. 79], the Debtor asserted requiring the Debtor to wait for this calculation to determine his current monthly income is absurd. In fact, however, this is the *law*. The Debtor also admits that some income *derived* during 2017 and under Debtor's control was left in GEMS. The Debtor states as follows (emphasis original):

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4843-8278-0033 v1
06836-0089

- 4 -

RESPONSE IN SUPPORT OF OBJECTION TO SECOND AMENDED PLAN

> 12a. I am paid fixed salary of $2,500.00 per month and a fixed draw of $3,500.00 per month. *At the end of the year,* we determine whether or not there is net income that is available to distribute to the owners, and if so, how much to distribute.
>
> *12b. Moreover, if we distribute all of the net income, we will not have any reserve cash with which to operate. We always have to allocate a portion of GEMS' net income to reinvestment in GEMS for operational needs and unforseen emergencies.*

In Debtor's Reply to the Garcia Decl., the Debtor confirms that net profits (i.e., income) was left in GEMS and not distributed to the owners. The Debtor attempts to exclude these amounts from CMI by calling it "unrealized net profits" (see, November 26, 2018 Declaration of Mark Efrem Rosenberg, at ¶ 9). In calculating CMI, a debtor must include all income they receive and which is derived during the applicable six-month period. If the Debtor is in control of the net profits of GEMS and simply elects to not collect some of it, for purposes of 11 U.S.C. §101(10A)(A) the income must be included in the income calculation just as much as a debtor might elect to leave interest earned in a bank account rather than withdrawing and spending it. Consequently, because the net profit of GEMS was *derived* over the entire 12 months of 2017, the fact that it was paid to the Debtor in multiple forms—draw, distributed net income, and undistributed net income—is immaterial and it all counts as income, one-half of which was derived during the six-month CMI period.

The Debtor's 2017 tax returns prove that the Debtor is simply not disclosing in his bankruptcy filings his true income as defined in 11 U.S.C. §101(10A) which states in pertinent part as follows:

> **(10A)** The term "current monthly income"--
>
> **(A)** means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on--
>
> **(i)** the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii)….

Title11 U.S.C. §101(10A)(A) defines current monthly income as the average monthly income the debtor receives *derived* during the 6-month period preceding the bankruptcy filing.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-8278-0033 v1
06836-0089

- 5 -

RESPONSE IN SUPPORT OF OBJECTION
TO SECOND AMENDED PLAN

Trinity argues that by including the phrase "derived during the 6-month period" preceding the bankruptcy, Congress meant to capture in the calculation all amounts earned by a debtor during that period and which the debtor receives. The timing of the actual receipt is not subject to the temporal qualification of being during the 6-month period preceding the bankruptcy filing, only that the income be *derived* during that period. This is the plain reading of the statute. Consequently, Trinity objects to the Debtor's Means Test calculation because it does not take into account any year-end distribution of income derived during the 6-month period preceding the bankruptcy filing, or of income derived during that 6-month period but left in GEMS by the Debtor in order to save it from inclusion in the calculation. The Debtor's monthly income derived during the 6-month period preceding the bankruptcy filing must include 1/12 of his total income received from GEMS as an owner during 2017 as stated in his 2017 tax returns because that amount of income, in addition to his monthly salary received each month, constitutes his total monthly income *derived* in those months.

Trinity's position regarding the proper calculation of Current Monthly Income ("CMI") under 11 U.S.C. §101(10A)(A) has also been the position of several courts that have looked at the issue. For example, in *In re Bernard*, 397 B.R. 605, 607 (Bkrtcy. W.D.Mich. 2008), the bankruptcy court concluded (emphasis original):

> As the UST correctly notes, CMI is not restricted to income a debtor derives *and* receives during the six months prepetition; the income has to have been "derived" during the six month period but the timing of its actual receipt is irrelevant. Giving "derived" its ordinary meaning, namely "formed or developed out of something else," WEBSTER'S THIRD INTERNATIONAL DICTIONARY, the Court concludes that CMI includes income that resulted from employment during the relevant six month period even though the Debtor received the actual paycheck for that work after the end of the six month period. Income derived from employment prior to the beginning of the six month period but actually received during the six month period should not be included.

A further example is found in *In re Robrock*, 430 B.R. 197, 204 (Bkrtcy. D.Minn. 2010), where the bankruptcy court analyzed the language of 11 U.S.C. §101(10A)(A) and reached the same conclusion as follows:

> The statutory definition does require receipt by the debtor for inclusion of particular income in the calculus; but, the fact of receipt is only the threshold. Under the statutory language, includable income is fixed by a modifying participle—the amount of income "*derived*" *during* the six months is the input

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-8278-0033 v1
06836-0089

- 6 -

RESPONSE IN SUPPORT OF OBJECTION
TO SECOND AMENDED PLAN

for the averaging process, regardless of the date of receipt. The statutory concept is logically understood as "income that *resulted from* employment *during* the relevant six month period even though the Debtor received the actual paycheck for that work after the end of the six month period." *In re Bernard*, 397 B.R. 605, 607 (Bankr.D.Mass.2008) (emphasis added).

Trinity admits that Judge Donovan concluded differently in *In re Katz*, 451 B.R. 512 (Bkrtcy. C.D.Cal. 2011), and held that only income received during the 6-month period counted. However, Judge Donovan was concerned in *Katz* with income earned before the 6 month period and received during it, not with income earned during the 6-month period and received afterward. In his decision, Judge Donovan disregarded *Bernard* and *Robrock* as non-controlling authority, and declined to follow their reasoning.  In this case, *Katz* is likewise non-controlling authority, and Trinity submits that *Bernard* and *Robrock* provide the better reasoned position.

8. Trinity maintains that if correct CMI and Means Test calculations are performed, then the Debtor's commitment period will need to be 60 months and the Debtor will be required to file Official Form 122C-2, *Chapter 13 Calculation of Your Disposable Income* in order to support the amounts to be paid in a confirmable plan.  11 U.S.C. §1325(b)(4); *In re Kagenveama*, 541 F.3d 868 (9th Cir. 2008); *Hamilton v. Lanning,* 130 S.Ct. 2464 (2010).  Consequently, the Debtor fails to meet his burden for confirmation under 11 U.S.C. § 1325(a)(1), (3), and (6).

Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed. Trinity reserves the right to argue the applicable legal issues at the December 11, 2018 confirmation hearing in this case.

Dated: December 4, 2018

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Rafael Garcia
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-8278-0033 v1
06836-0089

- 7 -

RESPONSE IN SUPPORT OF OBJECTION
TO SECOND AMENDED PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **1851 E. First Street, Suite 1550, Santa Ana, CA 92705**

A true and correct copy of the foregoing document entitled (*specify*):
**SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S RESPONSE IN SUPPORT OF OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **12/04/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Richard Mark Garber    rickgarber@sbcglobal.net, garberrr82127@notify.bestcase.com
- Rafael R Garcia-Salgado    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- Christina J O    christinao@mclaw.org, CACD_ECF@mclaw.org
- Richard J Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
- Gabor Szabo    smdulaw@sbcglobal.net
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **12/04/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Debtor:**
Mark Efrem Rosenberg
12731 Hatteras Street
Valley Village, CA 91607

**Judge:**
Honorable Victoria S. Kaufman
United States Bankruptcy Court
Central District of California
21041 Burbank Blvd., Suite 354
Woodland Hills, CA 91367

☐ Service information continued on attached page

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-8278-0033 v1
06836-0089

- 8 -

RESPONSE IN SUPPORT OF OBJECTION TO SECOND AMENDED PLAN

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **12/04/18** | Bernadette C. Antle | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4843-8278-0033 v1
06836-0089

- 9 -

RESPONSE IN SUPPORT OF OBJECTION TO SECOND AMENDED PLAN