1  BURKE, WILLIAMS & SORENSEN, LLP
   Richard J. Reynolds, Bar No. 89911
2  Rafael R. Garcia-Salgado, Bar No. 283230
   1851 East First Street, Suite 1550
3  Santa Ana, CA  92705-4067
   Telephone:      949.863.3363
4  Facsimile:      949.863.3350

5  Attorneys for Creditor
   TRINITY FINANCIAL SERVICES, LLC

6

7

8              UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

10

11 In re                                    Case No.  1:17-bk-13413-VK

12 MARK EFREM ROSENBERG aka               Chapter Number:  13
   MARK E. ROSENBERG aka MARK
13 ROSENBERG fdba NEW RAVE               **SECURED CREDITOR TRINITY**
   BATHROOMS aka EPHRAIM                 **FINANCIAL SERVICES, LLC'S**
14 ROSENBERG fdba RR PACKAGING &         **RESPONSE IN SUPPORT OF OBJECTION**
   ASSEMBLY,                             **TO SECOND AMENDED CHAPTER 13**
15                                        **PLAN**
                Debtor,
16                                        **Date:      12/11/18**
                                          **Time:      9:30 a.m.**
17                                        **Ctrm:      301**
                                                     **21041 Burbank Blvd**
18                                                   **Woodland Hills, CA 91367**

19

20         Secured Creditor TRINITY FINANCIAL SERVICES, LLC ("**Trinity**") hereby files this

21 Response (the "Response") to the Debtor's Sur-Reply Of Mark Efrem Rosenberg To The

22 Response of Trinity Financial Services In Support of Its Objection to Second Amended Plan (the

23 "Sur-Reply") [Docket No. 95].  In support of this Response, Trojan respectfully states as follows:

24 **I.        INTRODUCTION**

25         None of the cases cited by the Debtor (or Debtor's counsel) in the Sur-Reply support the

26 Debtor's position.  The Debtor claims that undistributed profits of his corporation ("GEMS") are

27 not "received" by him, when prevailing authority—and his own tax returns—show that they are.

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

- 1 -                    RESPONSE TO SUR-REPLY IN SUPPORT
                        OF SECOND AMENDED PLAN

## II.    **ARGUMENT**

1.      As outlined in Trinity's Objection, the Plan is unconfirmable because the Debtor has not demonstrated that he qualifies for a 36 month commitment period for his plan.

2.      Trinity's Objection asserts that the Debtor has not accurately reported his current monthly income ("CMI"), and that if correct CMI and Means Test calculations are performed, then the Debtor's commitment period will need to be 60 months and the Debtor will be required to file Official Form 122C-2, *Chapter 13 Calculation of Your Disposable Income* in order to support the amounts to be paid in a confirmable plan.

3.      In the Sur-Reply, the Debtor asserts that *In re Katz*, 451 B.R. 512 (Bankr. C.D. Cal. 2011) supports his position.  That would be the case only if one were to adopt the Debtor's idiosyncratic definition of the word "received"—which appears to be, in effect, "received by the Debtor's corporation and paid out to the Debtor in a yearly dividend, but not paid as a regular monthly owner's draw, and therefore not counted, because it would push the Debtor into a five-year plan."  Sur-Reply at 3.  The Debtor thus seeks to omit from his income $9,268 for which he paid income taxes, but that he claims were monies left in GEMS.  *Id.*

4.      The Debtor's definition of "received" is not the definition of "received" used in *Katz* or any of the applicable case law.  *Katz* states that whether income was "earned" during the six-month period does not matter—only receipt matters.  *Katz* is still a far cry from anything resembling support for the Debtor's position.  The *Katz* court required the debtor to include in his current monthly income "two quarterly bonus payments" that were "'earned' by debtor's services performed two quarters earlier."  Sur-Reply at 2 (quoting *In re Katz*, 451 B.R. at 516-517).  The *Katz* definition of "received" is therefore broader than the Debtor's own definition, which seeks to exclude the Debtor's yearly dividend, and/or the $9,268 revealed as income in the Debtor's tax returns but that was not listed in his own schedules and forms.  The *Katz* court stated, "I conclude from the statute that CMI consists of income received during the applicable CMI period, *regardless of when it was earned or when Katz' services that led to the income were performed.*"  *In re Katz*, 451 B.R. 512, 516 (Bankr. C.D. Cal. 2011) (emphasis added).  For the reasons stated in Trinity's previous objection filings, the unscheduled $9,268 was in fact earned and received by

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- 2 -

RESPONSE TO SUR-REPLY IN SUPPORT
OF SECOND AMENDED PLAN

1  this Debtor, and wrongfully excluded from the Debtor's income calculation.

2      5.    The *In re Ramsey* case cited by the Debtor is also not pertinent.  Sur-Reply at 7.  In

3  fact, the Court has previously rejected the *Ramsey* case in favor of *In re Wiegand* in another case

4  involving Debtor's counsel, *In re Shalva Shalom Krihali*, Case No. 1:17-13160 (August 7, 2018

5  tentative ruling).  Further, the *Ramsey* debtor owned a "professional law corporation" that had

6  "pass-through income."  Sur-Reply at 7.  Therefore, the *Ramsey* debtor was permitted to deduct

7  business expenses from her income.  *See id.*  In contrast, this Debtor does not have pass-through

8  income.  He is paid "as an employee of GEMS" and is "paid a regular salary and draw against his

9  share of profits."  Sur-Reply at 7.  Therefore, inclusion of the $9,268 in additional income is

10  wholly appropriate.  The Debtor's gross income, *without regard to whether such income is*

11  *taxable income*, <u>derived</u> during the months of June through November 2017, is to be used for the

12  calculation of his income.  11 U.S.C. §1325(b)(4); *In re Wiegand*, 386 B.R. 238, 239 (9th Cir.

13  BAP 2008).

14      6.    Trinity maintains that if correct CMI and Means Test calculations are performed,

15  then the Debtor's commitment period will need to be 60 months and the Debtor will be required

16  to file Official Form 122C-2, *Chapter 13 Calculation of Your Disposable Income* in order to

17  support the amounts to be paid in a confirmable plan.  11 U.S.C. §1325(b)(4); *In re Kagenveama*,

18  541 F.3d 868 (9th Cir. 2008); *Hamilton v. Lanning,* 130 S.Ct. 2464 (2010).  Consequently, the

19  Debtor fails to meet his burden for confirmation under 11 U.S.C. § 1325(a)(1), (3), and (6).

20      7.    Based on the foregoing, Trinity respectfully requests that the Plan not be

21  confirmed and this case dismissed.  Trinity reserves the right to argue the applicable legal issues

22  at the December 11, 2018 confirmation hearing in this case.

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

- 3 -

RESPONSE TO SUR-REPLY IN SUPPORT
OF SECOND AMENDED PLAN

1    Dated: December 11, 2018                  Respectfully submitted,

2                                      BURKE, WILLIAMS & SORENSEN, LLP

3

4

5                                  By:_____

6                                    Richard J. Reynolds
                                      Rafael R. Garcia-Salgado
                                      Attorneys for Creditor

7                                    TRINITY FINANCIAL SERVICES, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

- 4 -     RESPONSE TO SUR-REPLY IN SUPPORT
OF SECOND AMENDED PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  **1851 E. First Street, Suite 1550, Santa Ana, CA 92705**

A true and correct copy of the foregoing document entitled (*specify*):
**SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S RESPONSE IN SUPPORT OF OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **12/10/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Richard Mark Garber    rickgarber@sbcglobal.net, garberrr82127@notify.bestcase.com
- Rafael R Garcia-Salgado    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- Christina J O    christinao@mclaw.org, CACD_ECF@mclaw.org
- Richard J Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
- Gabor Szabo    smdulaw@sbcglobal.net
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) **12/10/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Debtor:** | **Judge:** |
|---|---|
| Mark Efrem Rosenberg | Honorable Victoria S. Kaufman |
| 12731 Hatteras Street | United States Bankruptcy Court |
| Valley Village, CA 91607 | Central District of California |
| | 21041 Burbank Blvd., Suite 354 |
| | Woodland Hills, CA  91367 |

☐ Service information continued on attached page

///

///

RESPONSE TO SUR-REPLY IN SUPPORT OF SECOND AMENDED PLAN

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **12/10/18** | Bernadette C. Antle | |
| *Date* | *Printed Name* | *Signature* |

RESPONSE TO SUR-REPLY IN SUPPORT OF SECOND AMENDED PLAN